AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

Romon Soria
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30288-04

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence that

This is a presumption case. Defendant is 25 years old, married and the father of a daughter. He no longer resides with his wife. He was born here, but lived in Mexico for the first 18 years of his life. His mother and two half siblings live in Mexico. Defendant required the use of an interpreter in Court. Defendant has worked for the last two years as a lawn care person, earning $300 - $400 per week. On 1/31/07 defendant was charged with first degree felony Possession of Marijuana, more than 2000 pounds. Defendant was released on a $200,000 surety bond. The matter is pending.  (continue on page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 7, 2007 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

07-30288-04   USA V RAMON SORIA                                              PAGE 2

Defendant reported no ties to the USA other than his self-employment in Texas.  He provided no reference for verification of his background.  He has significant family ties to Mexico and travels there regularly.  He is charged in the instant case with conspiracy to distribute and possession with the intent to distribute more than 195 bundles of bulk marijuana wrapped in cellophane.  While under surveillance, he was seen unloading and handling 195 bales of marijuana, allegedly for distribution, on June 5, 2007.  Nothing was presented at today's hearing that rebuts the statutory presumption.  Based upon the nature of the charges in the instant matter, and the fact that defendant is currently on bond in Texas for a similar alleged offense, defendant is a danger to the community.  For the reasons stated above, defendant is a flight risk.  No combination of conditions would assure the safety of the community or defendant's appearance in court.  Detention is Ordered.